647 F.Supp. 752 (1986)
John APODACA, Individually and as Personal Representative of the Estate of Theresa Apodaca, Deceased; and Lorraine Apodaca, Plaintiffs,
v.
RIO ARRIBA COUNTY SHERIFF'S DEPARTMENT; the County of Rio Arriba; the Rio Arriba Board of County Commissioners; Ben Martinez, Individually and in his Official Capacity as Sheriff of Rio Arriba County; Emilio Naranjo, Individually and in His Official Capacity as Rio Arriba County Manager; and Delaino Romero, Individually and in His Official Capacity as a Rio Arriba County Deputy Sheriff, Defendants.
Civ. No. 86-0005 BB.
United States District Court, D. New Mexico.
November 3, 1986.
*753 Richard Rosenstock, Chama, N.M., Rothstein, Bailey, Bennett, Daly & Donatelli, Robert R. Rothstein, Santa Fe, N.M., for plaintiffs.
Rick Puglisi, William C. Madison, Montgomery & Andrews, P.A., Jeffrey Twersky, Kenneth L. Harrigan, Douglas A. Baker, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, N.M., for defendants.
White, Koch, Kelly & McCarthy, P.A., David F. Cunningham, Santa Fe, N.M., for Ben Martinez.

MEMORANDUM OPINION
BALDOCK, Circuit Judge, Sitting by Assignment.
This matter comes on for consideration of Defendants' Motion to Dismiss, filed February 11, 1986 (Pleading No. 14). The court, having considered the memoranda submitted by the parties and the relevant law, finds that the motion is well taken and should be granted.
Plaintiffs, the estate of Theresa Apodaca, and decedent's parents, John and Lorraine Apodaca, have filed a two-count cause of action against the defendants for the alleged violation of certain rights arising from an automobile collision between Theresa Apodaca and deputy sheriff Delaino Romero. Defendants have moved to dismiss portions of the first cause of action which is brought pursuant to 42 U.S.C. § 1983. The underlying constitutional claims which form the basis of the § 1983 action are the fourteenth amendment right to substantive due process, the first and fourteenth amendments right to "intimate familial association," and rights protected by the fourth and fifth amendments. Defendants have moved to dismiss the substantive due process claims based on allegations of negligence, the claim based on intimate familial association, and the claims based on the fourth and fifth amendments. The second cause of action, which is based on the New Mexico Tort Claims Act, is the focus of a separate motion to dismiss.

I. The Facts

A motion to dismiss will be granted only upon a finding that the plaintiffs cannot prove facts to support their claim for relief. Bailey v. Kirk, 777 F.2d 567, 579 (10th Cir.1985). While all "well-pleaded" facts in the complaint are admitted, this does not include conclusory allegations. Id. Thus, the facts alleged in the complaint and all reasonable inferences in plaintiffs' favor are accepted as true for purposes of this motion. Id.
The following relevant facts are alleged in the complaint. Delaino Romero was hired as a deputy sheriff in 1982 at the age of 21. He had seven convictions for traffic offenses during the four years preceding his employment with the Rio Arriba Sheriff's Department. From 1981-84, other individuals were hired as deputy sheriffs with various traffic law and criminal convictions. Defendants Martinez, Naranjo, Rio Arriba County Sheriff's Department, *754 Rio Arriba County, and the Rio Arriba Board of County Commissioners (hereinafter referred to as County defendants) failed to adequately respond to complaints about Romero, failed to institute an adequate pre-employment screening procedure, failed to adequately train Romero and other deputy sheriffs, and failed to adequately supervise and discipline Romero and other deputy sheriffs. The County defendants also maintained a custom or policy of permitting or condoning the violation of citizen's rights.
On April 20, 1984, Romero went on duty at approximately 1:00 a.m. "Prior to and/or during his work-shift, Romero had consumed alcoholic beverages." Complaint at ¶ 10. He went to a restaurant in Espanola, New Mexico, at approximately 1:20 a.m. At approximately 1:40 a.m., he responded to a burglar alarm at the Hunter Motor Company in Espanola. En route, he exceeded the posted speed limit of 35 miles per hour by 30 to 35 miles per hour, without his emergency equipment in full operation. The road was dark, wet and slippery, and visibility was significantly limited. Romero's vehicle collided with the vehicle operated by Theresa Apodaca, and she was injured and died as a result.

II. Discussion

A. Substantive Due Process

Part of plaintiffs' first cause of action is based on an alleged violation of rights protected by the concept of substantive due process embodied in the fourteenth amendment. The Tenth Circuit recently noted that "[t]he Due Process Clause not only provides a procedural safeguard against deprivation of life, liberty, and property but also protects substantive aspects of those interests from unconstitutional restrictions by government." Harris v. Blake, 798 F.2d 419, 424 (10th Cir. 1986). Not every "push or shove," however, gives rise to a substantive due process claim. Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Substantive due process is implicated when government's actions "`offend those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses.'" Rochin v. California, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952) (quoting Malinski v. New York, 324 U.S. 401, 416-17, 65 S.Ct. 781, 788-89, 89 L.Ed. 1029 (1945)). Substantive due process is violated only when state conduct "shocks the conscience" and offends "even hardened sensibilities." Id. 342 U.S. at 172-73, 72 S.Ct. at 209-10.
Defendants have moved to dismiss the claims based on substantive due process only to the extent they are based on allegations of negligence. Plaintiffs concede that their fourteenth amendment claims based on negligence must be dismissed in light of the Supreme Court's ruling in Daniels v. Williams, ___ U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), which requires more than merely negligent conduct. Plaintiffs' fourteenth amendment claims based on allegations of negligence, therefore, will be dismissed. Plaintiffs also base their fourteenth amendment claims on allegations of grossly negligent, willful, reckless, and intentional conduct and defendants have not moved to dismiss those claims.[1] Thus, the fourteenth amendment claims will be viable only to the extent they are not based on allegations of negligent conduct.

B. Fifth Amendment

Plaintiffs also concede that they do not have a cognizable cause of action by *755 virtue of the fifth amendment. Deprivations such as those alleged in the complaint would not be actionable pursuant to the fifth amendment unless the federal government was somehow involved. Dockstader v. Miller, 719 F.2d 327, 332 (10th Cir.1983), cert. denied, 467 U.S. 1256, 104 S.Ct. 3546, 82 L.Ed.2d 849 (1984). Because there is no federal involvement in the occurrence giving rise to this cause of action, the claims based on the fifth amendment will be dismissed.

C. Intimate Familial Association

Decedent's parents claim that they have been deprived of their first and fourteenth amendments right to associate with the decedent. The Tenth Circuit recently has considered what state of mind is required to find a deprivation of intimate associational rights. In Trujillo v. Board of County Commissioners, 768 F.2d 1186, 1190 (10th Cir.1985), the court held that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." Because plaintiffs have not alleged the requisite intentional conduct, their claim based on intimate familial association will be dismissed.

D. Fourth Amendment

Plaintiffs assert that due to the automobile collision, defendant Romero caused "a seizure of her person and property" and applied "unreasonable, unnecessary and excessive force," thereby depriving Theresa Apodaca of her constitutional rights under the fourth amendment. Complaint at 7. There is no doubt that a violation of a fourth amendment right gives rise to a private cause of action under 42 U.S.C. § 1983. Pembaur v. Cincinnati, ___ U.S. ___, 106 S.Ct. 1292, 89 L.Ed.2d 42 (1986). In this case, however, there has been no fourth amendment violation.
The fourth amendment contains the following language:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
The fundamental purpose of this amendment is to protect the privacy and security of individuals from arbitrary invasions by governmental officials. Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 1730-31, 18 L.Ed.2d 930 (1967). It was drafted in response to the abhorrent colonial practice of breaking in, ransacking and searching homes, and seizing people and their belongings without warrants or pursuant to general warrants. Boyd v. United States, 116 U.S. 616, 624-25, 6 S.Ct. 524, 529, 29 L.Ed. 746 (1886). These abuses may have been the single factor that gave rise to the American Revolution. Harris v. United States, 331 U.S. 145, 159, 67 S.Ct. 1098, 1105-06, 91 L.Ed. 1399 (1947) (Frankfurter, J., dissenting). To be free from unreasonable searches and seizures is an indispensable requirement for a democratic society and is a right most valued by civilized men. We need only look to the fear and oppression present in certain "third world" countries as the result of police abuses to be reminded of how essential the fourth amendment safeguards are to a free people. In light of these lofty purposes, to allow every victim of an automobile collision with a police officer to bring a claim based on the fourth amendment would demean and trivialize the Constitution and mock the great objectives of the fourth amendment.
A review of cases where fourth amendment protections have been asserted reveals, without exception, that they arise when the individual or his property was the object of a search or seizure. The parties have been unable to bring to my attention any case, and I have found none, where the fourth amendment formed the predicate for recovery for a police-caused injury to a bystander. For example, in Popow v. City of Margate, 476 F.Supp. 1237 (D.N.J.1979), *756 an innocent bystander was shot and killed by a police officer who was firing at a fleeing kidnapper. The court noted that "[i]t constitutes a strained construction of the fourth amendment to term a negligent killing a `search and seizure'...." Id. at 1242 n. 2. In Jamieson v. Shaw, 772 F.2d 1205 (5th Cir.1985), the Fifth Circuit ruled that a passenger in a car that hit a roadblock has a § 1983 cause of action based on a violation of fourth amendment rights. In that case, however, the roadblock was created with the intention of stopping the vehicle in which she was a passenger. The plaintiff in that case, therefore, was at least incidentally and tangentially the focus of the seizure. In this case, the decedent was not even remotely the object of a seizure; there is no allegation that defendant Romero intended to stop or seize the decedent. To the contrary, the facts alleged indicate that she was inadvertently killed when her vehicle collided with the police vehicle operated by defendant Romero while he was responding to a burglar alarm.
Although the word "seizure" has been construed liberally, Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985), to classify this automobile collision as a seizure would impermissibly stretch the meaning of the word as used in the fourth amendment. None of the protections afforded by the amendment fit a case such as this. For example, how could a magistrate issue a warrant for a "seizure" resulting from this automobile collision? The analysis applied to fourth amendment excessive force cases also is inapplicable: whether the degree of force used was necessary and reasonable to effectuate the search or seizure. See generally Tennessee v. Garner, 105 S.Ct. at 1701-1706; Gilmere v. City of Atlanta, 774 F.2d 1495, 1502 (11th Cir.1985). An automobile collision also does not provide an appropriate setting for an analysis associated with the fourth amendment's right to privacy. Dow Chemical v. United States, ___ U.S. ___, 106 S.Ct. 1819, 1824-27, 90 L.Ed.2d 226 (1986).
A plain reading of the fourth amendment clearly reveals that automobile collisions do not come within its intendment. The amendment was designed to protect people who are the focus of governmental search and seizure, and this automobile collision cannot be construed to constitute a seizure. Justice Black, in his dissent in Katz v. United States, 389 U.S. 347, 373, 88 S.Ct. 507, 522-23, 19 L.Ed.2d 576 (1967), has eloquently summarized the problem:
In interpreting the Bill of Rights, I willingly go as far as a liberal construction of the language takes me, but I simply cannot in good conscience give a meaning to words which they have never before been thought to have and which they certainly do not have in common ordinary usage. I will not distort the words of the [fourth] Amendment in order to "keep the Constitution up to date" or "to bring it into harmony with the times." It was never meant that this Court have such power, which in effect would make us a continuously functioning constitutional convention.
Because plaintiffs have not been deprived of any rights secured by the fourth amendment, their fourth amendment claims will be dismissed.

III. Conclusion

For the reasons set forth above, plaintiffs' substantive due process claims based on negligence, their claim based on intimate familial association, and their claims based on the fourth and fifth amendments will be dismissed. An order will be entered accordingly.
NOTES
[1] Although plaintiffs have used terms encompassing more than negligence, I do not find factual support in the complaint for anything other than negligence. As previously noted, the court must accept as true factual allegations, but not conclusory statements. The Supreme Court has expressed its concern with "artful pleading" designed to circumvent the exclusion of claims based on negligence, Daniels, 106 S.Ct. at 666-67 and Fed.R.Civ.P. 11 is designed to discourage such abuses. Nevertheless, the defendants have not directed their motion to dismiss to the allegations of intentional deprivation, and I, therefore, refrain from ruling on that issue.